793 F.2d 1290
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
CARL CANNON, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 85-5593
 United States Court of Appeals, Sixth Circuit.
 5/16/86
 
 REVERSED AND REMANDED
 W.D.Ky.
 ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF KENTUCKY
 BEFORE: MERRITT and JONES, Circuit Judges; and THOMAS, District Judge.*
 Per Curiam.
 
 
 1
 The plaintiff appeals from a judgment of the district court affirming the Secretary's decision denying disability benefits. The issue on appeal is whether the administrative law judge's finding that the plaintiff had the capacity to perform 'light' work, a finding accepted by the Secretary and upheld by the district court, is supported by substantial evidence. We reverse.
 
 
 2
 The plaintiff's four treating physicians proffered opinions that plaintiff's impaired condition rendered him unable to meet any of the physical exertion requirements necessary to perform light or even sedentary work as defined by the Social Security Regulations. See 20 C.F.R. Sec. 404.1567(a) & (b) (1985). They also concluded that the plaintiff was severely restricted in his activities because of the condition. These conclusions are supported by medical findings that plaintiff suffers from atrial fibrillation, findings also supported by objective clinical medical evidence in the record and conceded by the Secretary. Although the earlier medical reports indicated that the condition was controllable by medication, two of the physicians indicated in the disability questionnaire submitted for the hearing that there was no treatment available.
 
 
 3
 The ALJ relied on the testimony of Dr. Schlant, one of the Secretary's consulting physicians, and of two other physicians hired by the Secretary. Each of the consulting physicians reviewed the medical reports of the treating physicians and opined that plaintiff, despite his condition, retained the physical capacity to perform light work. Dr. Schlant, however, never examined plaintiff and there is no indication in the record that the other consulting physicians ever examined the plaintiff. In this circuit, it is well established that the opinions of treating physicians should be given greater weight than those offered by the Secretary's consulting physicians who only examined the plaintiff once. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1054 (6th Cir. 1983). The treating physicians' opinions should be given even more weight when the Secretary's consulting physicians never examined the plaintiff. Thus, we believe the ALJ erred in rejecting the opinions of four treating physicians and accepting the conclusions of three physicians hired by the Secretary, who merely read reports and who never performed any examinations.
 
 
 4
 The ALJ also relied on plaintiff's testimony that he could walk up to one mile. The plaintiff, however, also testified that he could not walk a mile without 'stopping.' When he goes out in the morning 'sit[s] and rest[s].' Walking one mile represented his total goal for a day. In fact, one of his treating physicians, Dr. Ripley, discounted plaintiff's claim to him in 1983 about plaintiff's ability to walk this distance. Dr. Ripley based this conclusion on plaintiff's poor performance on a treadmill stress test and on plaintiff's inability to complete stage I of the Bruce Protocol because of dypsnea. Based on this testimony, we believe the ALJ erred in relying on the plaintiff's testimony that he could walk a mile to support a finding that the plaintiff had the capacity to perform light work.**
 
 
 5
 On consideration of the briefs and the record, we conclude that the decision of the Secretary, denying benefits, is not supported by substantial evidence. Because the evidence would also not support a finding that the plaintiff is able to perform sedentary work, a remand for reconsideration of the claim is unnecessary. Accordingly, the district court judgment affirming the Secretary's decision is REVERSED and REMANDED with instructions to remand the case to the Secretary for the award of benefits.
 
 
 
 *
 The Honorable William K. Thomas, United States District Court for the Northern District of Ohio, sitting by designation
 
 
 **
 Dr. Ripley's answers in February 1984 to the Secretary's disability questionnaire provide further evidence of plaintiff's limitations. Dr. Ripley's entries on the questionnaire include: 'Rapid increase in ventricular response to atrial fibrillation with low levels of exercise resulting in severe limiting dyspnea' and 'severe limiting dyspnea on treadmill stress test.' He finally concluded that plaintiff was '[l]imited to little or no activity.'
 With respect to Dr. Ripley, we further note the ALJ's statement that 'Dr. Ripley reported that there was no evidence of ischemia present during a treadmill stress test or a resting EKG on April 11, 1983.' Our review of Dr. Ripley's reports reveals that the ALJ's statement is inaccurate. In fact, Dr. Ripley's resports do not discuss ischemia at all.